IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                         Case No. 13-10090-01-JTM

JOSE G. JIMENEZ,

        Defendant.

MEMORANDUM AND ORDER

      The government has filed a notice of its intent to introduce evidence pursuant to Federal Rule of Evidence 404(b) at trial. Dkt. 29. The government asks for a preliminary ruling in limine that its proposed evidence is admissible. Jose Jimenez objects to the introduction of this evidence. The court is now prepared to rule.

**I. Background**

      The Wichita Police Department executed a search warrant on May 21, 2013, at a residence located at 1540 North Topeka, Wichita, Kansas, a residence where they believed Jimenez lived. Officers found five firearms during their search, and the government charged Jimenez with five counts of being a felon-in-possession of a firearm. Jimenez stated that if there were firearms in his residence, he did not know who put them there.

      The government now seeks an in limine order deeming admissible two prior cases involving Jimenez that resulted in three convictions for criminal possession of a firearm. The first crime occurred on November 7, 2008, when officers from the Wichita

Police Department executed a search warrant on Jimenez's residence and located two firearms and controlled substances. Jimenez was convicted of possession of cocaine with intent to sell, possession of methylenedioxymethamphetamine with intent to sell, two counts of criminal possession of a firearm, and two counts of no tax stamp.

In the second case, Wichita Police officers responded to Jimenez's resident following a report of gun shots having been fired. An officer observed Jimenez on the back porch of the residence with a firearm. Jimenez was arrested and the firearm was found hidden in the residence. This incident resulted in a conviction for criminal possession of a firearm and possession of marijuana.

The court must decide whether, and to what extent, these incidents may be introduced as admissible evidence pursuant to Fed. R. Evid. 404(b) in the trial in Jimenez's current case.

## II. Legal Standard

"Evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). For evidence of other acts to be admissible pursuant to Rule 404(b), the evidence must thus be offered for a proper purpose, and it must be relevant. *See Huddleston v. United States,* 485 U.S. 681, 691–92 (1988). The trial court must identify a reason for admitting the evidence, *see United States v. Cardall,* 885 F.2d 656, 671 (10th Cir.

2

1989), and must make a determination that the prejudicial effect of the evidence does not substantially outweigh its probative value, *see United States v. Cuch,* 842 F.2d 1173, 1176 (10th Cir. 1988); Fed. R. Evid. 403. The decision to admit or exclude evidence pursuant to Rules 404(b) and 403 is within the trial court's sound discretion. *See United States v. Lugo,* 170 F.3d 996, 1005 (10th Cir. 1999).

**III. Analysis**

The government offers Jimenez's prior gun possession convictions to establish the knowledge and intent to possess. Evidence of prior convictions is admissible to establish intent. *See United States v. Cherry*, 433 F.3d 698, 701 (10th Cir. 2005). Knowledge is at issue when a defendant denies participation in and awareness of a criminal act. *See United States v. Delay*, No. 03-40055-01-SAC, 2004 WL 433808, at *2 (D. Kan. Feb. 6, 2004). The admissibility of prior acts evidence to prove knowledge is based on the inference that a defendant is likely to have gained the requisite criminal knowledge after repeated instances of conduct. *Id.* (internal citation omitted). Here, it appears that Jimenez is denying that he had any knowledge of the firearms. With this element at issue, the court finds that the government offers his prior gun possession convictions for a proper purpose.

Evidence that Jimenez knowingly possessed a firearm in the past is relevant to show knowledge and intent to possess a firearm in this case. *See United States v. Moran*, 503 F.3d 1135, 1144 (10th Cir. 2007). Because the prior convictions required the same knowledge, evidence of the convictions has a tendency to make the existence of Jimenez's knowledge of the firearms in the present case more probable than it would be

without the evidence. *See id.* Put another way, the fact that Jimenez knowingly possessed a firearm in the past supports the inference that he had the same knowledge in the context of the charged offenses. *See id.* The first incident occurred in 2008 and the second in 2010. The defendant does not argue that these incidents are stale, and the court has no reason to believe they are too remote in time to be relevant.

Using Jimenez's prior convictions to prove knowledge involves a propensity inference: because he knowingly possessed a firearm in the past, he knowingly possessed the firearms in the present case. *See id.* at 1145. But, as the Tenth Circuit noted in a similar case, the inference is a specific one that does not "require a jury to first draw the forbidden general inference of bad character or criminal disposition; rather, it rests on a logic of improbability that recognizes that a prior act involving the same knowledge decreases the likelihood that the defendant lacked the requisite knowledge in committing the charged offense." *Id.* "[W]hen other-act evidence is admitted for a proper purpose and is relevant, it may be admissible even though it has the potential impermissible side effect of allowing the jury to infer criminal propensity." *Id.* (internal quotation marks and citation omitted). "That is, such evidence may be admissible under Rule 404(b) as long as it tends to prove something other than criminal propensity." *Id.* (internal citation omitted).

Jimenez argues that the different circumstances involved in his prior convictions make them substantially less relevant. Indeed, in his prior cases, Jimenez was found in close proximity to the weapons when they were found, but in this case he was in Hays Kansas when five rifles were discovered at a residence in Wichita. The court finds these

4

factual differences do not make the prior convictions substantially less relevant. The firearms in this case were found in Jimenez's residence, just as in his prior cases. Therefore, this court has no reason to conclude that Jimenez's prior firearms possession convictions would be unfairly prejudicial. They do not have "substantial potential to cause the jury to decide the case on an emotional basis." *See United States v. Higgins*, 282 F.3d 1261, 1274 (10th Cir. 2002).

The court grants the government's in limine motion. The government may admit evidence of Jimenez's past convictions for firearm possession. Any testimony or exhibits offered by the government to prove these convictions are limited to the fact that Jimenez was convicted of being a felon in possession of a firearm. This holding does not apply to Jimenez's prior drug possession convictions, as they are irrelevant to the charges he currently faces and it appears that the government is not seeking to introduce them.

IT IS THEREFORE ORDERED this 25th day of September, 2013, that the government's motion in limine contained within its Notice (Dkt. 29) is granted to the extent set forth above.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE