IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                              Case No. 6:13-cr-10090-JTM-1

JOSE G. JIMENEZ,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on defendant's motion requesting "that under the Second Chance Act [he] be allowed to receive 6 months halfway house along with 6 months home confinement." Dkt. 68 at 1. As explained below, this court has no jurisdiction to grant the request.

After defendant pled guilty to one count of unlawful possession of a firearm by a previously convicted felon, the court sentenced him to the custody of the Bureau of Prisons for a term of 66 months. Dkt. 66. Judgment was entered on January 15, 2014. No direct appeal was filed.

The Second Chance Act provides in part that the Director of the Bureau of Prisons (BOP) shall ensure, to the extent practicable, that a prisoner spends a portion of the final months (not to exceed 12) of his term under conditions giving a reasonable opportunity to prepare for reentry into the community. 18 U.S.C. § 3624(c). The conditions may include a community correction facility. *Id*.

The Second Chance Act gives the Director of the BOP discretion to determine a prisoner's placement under the Act. Defendant does not allege that the BOP has made a decision concerning his final months of custody, nor does he allege that he has pursued administrative remedies within the BOP relating to such a decision. A defendant may not seek relief in federal court regarding the Second Chance Act until he has exhausted all available administrative remedies through the BOP. *See Vasquez v. Strada*, 684 F.3d 431, 434 (3rd Cir. 2012) (prisoner was required to exhaust administrative remedies as to Second Chance determination before filing motion under 28 U.S.C. § 2241); *Samples v. Wiley*, 349 Fed.App'x 267, 269, 2009 WL 3287545 (10th Cir. 2009) (same).

**IT IS THEREFORE ORDERED** this 24th day of October, 2016, that defendant's Motion for Release (Dkt. 68) is DISMISSED for lack of jurisdiction.

___s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE
